HILL, Circuit Judge,
dissenting:
As I read the record, the following facts are clear:
1. A catheter such as the one in this case contains a balloon-like element.
2. The catheter must be inflated with sterile solution to remain properly positioned in the patient’s body.
3. The written instructions of the manufacturer state that the 30 cc catheter is designed to be inflated by the introduction of no more than 36 cc’s of solution.
4. It is my experience from childhood that balloons will inherently burst if overinflated.
5. Here all agree that the doctor ignored the manufacturer’s instructions. He inserted 50 cc’s of solution into the 30 cc catheter, observing that folks did that all the time.
6. The balloon-like element of the catheter, thus overinflated, burst.
The majority interprets Florida products liability tort law to hold that this set of facts creates- an inference that the catheter, with its 30 cc balloon, was defective because it fractured when overinflated by 66% of its stated capacity. The inference created by this interpretation is that, if the balloon burst when 166% of the amount of liquid it was capable of receiving was forced into it, then it also would have burst had the doctor inserted 100%, or the correct amount!
I am not willing to conclude that this inference, which, to me, appears illogical, is correct under Florida law unless the *1261 Supreme Court of the State of Florida tells me that it is. I would certify this question.